**In re Mary S. JOSEPH, Debtor.**

No. 00–12020 B.

United States Bankruptcy Court,
W.D. New York.

May 4, 2001.

Edwin R. Ilardo, Hamburg, NY, for trustee.

Daniel R. Palumbo, DiCerbo & Palumbo, Olean, NY, for debtor.

CARL L. BUCKI, Bankruptcy Judge.

The trustee in this Chapter 7 proceeding has objected to half of the debtor's claim to an exemption for $20,000 of value in a homestead. At issue is whether the New York statute allows a widow not only to claim her own exemption for up to $10,000 of property value, but also to preserve for her own benefit the similar exemption of her deceased husband.

In 1960, Mary S. Joseph and her husband purchased the home at 114 South 13th Street in the City of Olean, New York. Mr. and Mrs. Joseph thereafter resided on this property, in the case of Mr. Joseph until his death in 1980, and in the case of Mrs. Joseph through the present date. When Mrs. Joseph then filed a petition for relief under Chapter 7 of the Bankruptcy Code in April of 2000, she claimed a homestead exemption in the amount of $20,000. In her schedules, Mary Joseph estimates the property to have a value of $23,000. To the claim of exemption, the trustee has filed a timely objection.

Section 282 of the New York Debtor and Creditor Law recognizes a bankruptcy exemption for "real property exempt from application to the satisfaction of money judgments" under section 5206 of the Civil Practice Law and Rules. Subdivision (a) of section 5206 protects, from such satisfaction of money judgments, property "not exceeding ten thousand dollars in value above liens and encumbrances, owned and occupied as a principal residence." The trustee does not contest the entitlement of Mrs. Joseph to an exemption for at least $10,000. Rather, the issue is whether she can double this benefit by asserting also the exemption rights of her now deceased husband. In making this argument, Mrs. Joseph urges reliance on C.P.L.R. § 5206(b), which reads as follows:

> The homestead exemption continues after the death of the person in whose favor the property was exempted for the benefit of the surviving spouse and surviving children until the majority of the youngest surviving child and until the death of the surviving spouse.

The debtor's counsel argues that because the husband's exemption continues after his death, Mrs. Joseph may now claim that additional exemption as against her creditors. Neither the trustee nor the debtor has cited any case authority, but they agree that the issue appears to be a matter of first impression.

The basic problem with the debtor's argument is that it fails to consider the object of an exemption's protection. Prior to his death, the debtor's husband enjoyed an exemption as against the rights of his own creditors. Pursuant to C.P.L.R. § 5206(b), this protection survives the husband's death, so as to limit the application of his property to the satisfaction of money judgments against the husband. Essentially, therefore, this statute protects a decedent's property from claims of a decedent's creditors. It accords no additional protection, however, against the creditors of someone other than the decedent. This

same limitation applies to the benefit of a bankruptcy exemption under Debtor and Creditor Law § 282. Implicitly, the bankruptcy exemption extends only to real property that is exempt from the satisfaction of money judgments *against the bankrupt.* C.P.L.R. § 5206(b) simply provides no protection to Mrs. Joseph as against her own creditors. Accordingly, it can provide no enhancement of her bankruptcy exemption.

For the reasons stated herein, the trustee's objection is sustained. With respect to the real property at 114 South 13th Street, the homestead exemption of Mary Joseph will be limited to value in the amount of $10,000.

So ordered.